IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:10-CR-227-H-1
No. 5:12-CV-655-H

DACIS DOMINIQUE EVERETTE,          )
    Petitioner,                    )
                                   )
                                   )
    v.                             )
                                   )            **ORDER**
                                   )
UNITED STATES OF AMERICA,          )
    Respondent.                    )


This matter is before the court on the government's motion

to dismiss [D.E. #44] in response to petitioner's motion to

vacate pursuant to 28 U.S.C. § 2255 [D.E. ## 39[1], 41]. Petitioner

has filed a response, and this matter is ripe for adjudication.

## BACKGROUND

On October 4, 2010, petitioner pled guilty to one count of

being a felon in possession of a firearm in violation of 18

U.S.C. § 922(g)(1). [D.E. #19]. Prior to entering the plea,

petitioner signed a plea agreement waiving all rights to appeal

his sentence except for the right to appeal a sentence imposed

in excess of the advisory guideline range established at his

sentencing hearing. [D.E. #21 at 1]. Petitioner further waived

all rights to contest his conviction or sentence in post-

conviction proceedings, except on the grounds of ineffective

---

[1] The court considers petitioner's motion to reduce sentence in conjunction
with his subsequent § 2255 motion filed by counsel and consolidates the two
filings for the purpose of review.

assistance of counsel or prosecutorial misconduct not known to petitioner at the time of his plea. [D.E. #21 at 1]. This court conditionally approved the plea agreement and, after conducting the required Rule 11 colloquy, accepted petitioner's plea.

At petitioner's sentencing hearing on January 12, 2011, petitioner's advisory guideline range was established to be 130 to 162 months. [D.E. #29 at 8]. Petitioner's statutory maximum punishment, however, was 120 months. [D.E. #29 at 8]. The court sentenced petitioner to a term of imprisonment of 120 months. [D.E. #24], and judgment was entered on January 21, 2011. [D.E. #27].

Petitioner filed his notice of appeal to the United States Court of Appeals for the Fourth Circuit on January 13, 2011. On appeal, petitioner claimed the court erred in its establishment of the advisory guideline range by incorrectly relying upon prior felony convictions that cannot be considered felonies under federal law to justify a sentencing enhancement pursuant to USSG § 2K2.1(a)(2).[2] On October 18, 2011, the Fourth Circuit filed an order dismissing petitioner's appeal stating, "we conclude that [petitioner] knowingly and voluntarily waived his right to appeal and that the issue [petitioner] seeks to raise

_____

[2] Approximately eight months after petitioner was sentenced, the Fourth Circuit issued its decision, United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc), which established new precedent regarding the qualification of a criminal defendant's prior felony convictions for use, inter alia, as predicate offenses for sentencing enhancements.

2

on appeal falls squarely within the compass of his waiver of appellate rights." [D.E. #32 at 1]. Judgment was entered by the Fourth Circuit on October 18, 2011, and the formal mandate was issued on November 9, 2011. [D.E. #34].

Counsel timely filed a motion to vacate petitioner's sentence pursuant to 18 U.S.C. § 2255 on October 9, 2012, claiming again the court erred in its establishment of the advisory guideline range by incorrectly relying upon prior felony convictions that cannot be considered felonies under federal law to justify a sentencing enhancement pursuant to USSG § 2K2.1(a)(2). [D.E. #41 at 4].

## COURT'S DISCUSSION

A criminal defendant may waive his right to collaterally attack his conviction and sentence "so long as the waiver is knowing and voluntary." United States v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005). Sworn testimony offered by a criminal defendant in open court affirming his consent to entry into a plea agreement containing a plea waiver "[carries] a strong presumption of verity." See Id. (relying upon United States v. White, 366 F.3d 291, 295 (4th Cir. 2004).

At petitioner's Rule 11 hearing, petitioner made solemn declarations stating he: (1) reviewed his plea agreement with counsel before affixing his signature; (2) understood the contents of his plea agreement including the appeal waiver; and

3

(3) executed the plea agreement freely without external compulsion. [D.E. #30 at 15-16]. Particularly regarding the appeal waiver, the transcript reports:

> [COURT:] Did you discuss with [your counsel] Mr. Martin the fact that the plea agreement contains an appeal waiver at the bottom of the first page, paragraph 2c, that severely restricts your ability to appeal whatever sentence is imposed by Judge Howard?
>
> [Petitioner:] Yes, sir.
>
> [Court:] Would you like for me to read that to you or do you understand it?
>
> [Petitioner:] I understand it.

[D.E. #30 at 15-16]. Therefore, based upon petitioner's solemn declarations in open court at his Rule 11 hearing, this court finds petitioner's waiver of his right to collaterally attack his conviction as to the court's establishment of his advisory guideline range at sentencing to be knowing and voluntary.

The advisory guideline range established by this court was 130 to 162 months, and petitioner was sentenced to a term of imprisonment of 120 months which was petitioner's maximum statutory punishment and below the advisory guideline range. This court did not upwardly depart from the established guideline range. Furthermore, on appellate review, the Fourth Circuit concluded that petitioner "knowingly and voluntarily waived his right to appeal and that the issue [petitioner] seeks to raise on appeal falls squarely within the compass of his

4

waiver of appellate rights." [D.E. #32 at 1]. Therefore, petitioner's claims related to alleged sentencing errors are barred by his collateral attack waiver.

<h2 align="center">CONCLUSION</h2>

For the foregoing reasons, the government's motion to dismiss [D.E. #44] is GRANTED, and petitioner's § 2255 motion [D.E. ##39, 41] is DISMISSED. The clerk is directed to close this case.

A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and that any dispositive procedural ruling dismissing such claims is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001). A reasonable jurist would not find this court's dismissal of petitioner's 28 U.S.C. § 2255 motion debatable. Therefore, a certificate of appealability is DENIED.

This 26TH day of March 2015.

Malcolm J. Howard
Senior United States District Judge

At Greenville, NC
#34

5